IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIAN C. BROWN, DQ-6506, | ) | |
|     Petitioner, | ) | |
| | ) | |
|       v. | ) | Civil Action No. 07-283 |
| | ) | |
| ALLEGHENY COUNTY DISTRICT | ) | |
| ATTORNEY'S OFFICE, et al., | ) | |
|     Respondents. | ) | |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Julian C. Brown for a writ of habeas corpus be dismissed and that a certificate of appealability be denied for lack of a viable federal constitutional issue.

II. Report:

Julian C. Brown, an inmate at the State Correctional Institution at Coal Township has presented a petition for a writ of habeas corpus. In an Order entered on March 8, 2007, the respondents were directed to answer and show cause, if any, why the relief sought should not be granted.

Brown is presently serving a twenty-eight to fifty-six year sentence imposed following his conviction, by a jury, of 3rd degree murder and robbery at Nos. 9708045 and 9709280 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on June

25, 1998.[1]

An appeal was taken to the Superior Court in which the issues presented were:

I. The verdict was against the weight of the evidence.

II. The convictions were not supported by sufficient evidence.

III. The sentence imposed was an abuse of the trial court's discretion.[2]

On November 9, 1999, the judgment of sentence was affirmed,[3] and leave to appeal was denied

by the Pennsylvania Supreme Court on April 11, 2000.[4]

On March 19, 2001, petitioner filed a post-conviction petition which was subsequently

amended.[5] On August 24, 2005, the post-conviction petition was dismissed.[6]  An appeal was

---

[1] See: Petition at ¶¶ 1-7.

[2] See: Exhibit 3 to the Response. We also observe that in addressing the appeal, the Superior Court observed:

> Brown couches his sufficiency and weight arguments in terms of trial counsel's ineffectiveness for failing to preserve these matters for appeal. However, because this is a direct appeal from judgment of sentence, counsel included all issues in her Statement of Matters complained of on Appeal, and all issues were addressed by the trial court in its opinion, counsel need not allege ineffectiveness to preserve the issues for appellate review. (Exhibit 4 to the response at p.2, fn.4)

The Court then proceeded to examine the merits of each issue raised without considering the matter of counsel's ineffectiveness. Thus, like the Superior Court we too will address the issues raised on the merits without considering the cloaking argument of whether or not counsel may be deemed ineffective since the substantive issues were determined to have been preserved for appellate purposes.

[3] See:

[4] See: Exhibit 6 to the response.

[5] See: Exhibit 7 to the response.

[6] See: Exhibit 8 to the response.

taken to the Superior Court in which the issue presented was:

> Whether the PCRA Court erred in dismissing defendant's amended PCRA petition which purposely pled ineffectiveness of trial counsel and a properly layered claim of ineffectiveness of appellate counsel for failing to preserve issues that if proven would have led to relief being granted?[7]

On July 24, 2006, the Superior Court affirmed the denial of post-conviction relief,[8] and on

December 21, 2006, the Pennsylvania Supreme Court denied leave to appeal.[9] The instant

petition was executed on February 21, 2007. In it, Brown contends he is entitled to relief on the

grounds that:

> 1. The evidence was insufficient to convict the defendant, and prior counsel was ineffective for failing to properly preserve and present this issue before the trial court in post-sentencing motions.

> 2. This honorable court should grant petitioner relief to correct the Superior Court's erroneous interpretation of the necessity of a "Kloiber" [Com. v. Kloiber, 106 A.2d 820 (Pa.1954)] charge.

> 3. The verdict was against the weight of the evidence and prior counsel was ineffective in failing to properly preserve this issue on appeal.

> 4. The trial court committed an abuse of discretion in sentencing appellant.

> It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

---

[7] See: Exhibit 11 to the response.

[8] See: Exhibit 12 to the response.

[9] See: Exhibit 14 to the response.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

The Court in <u>Williams v. Taylor</u> held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."  The Court in <u>Williams v. Taylor</u> made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, it would appear that the issues which the petitioner seeks to raise here, that is the sufficiency and weight of the evidence to support a conviction and the harsh sentence imposed were raised in the direct appeal although the Commonwealth correctly argues that the issue of the sufficiency of the evidence was not raised in the same context in the state courts as Brown raises it here in that the argument made in the state courts was directed at the substantive issue of sufficiency of the evidence while the issue raised here is that his acquittal of criminal conspiracy charges and conviction of homicide charges produced an inconsistent verdict entitling him to relief,[10] and the issue of counsel's ineffectiveness in failing to request a <u>Kloiber</u> instruction which was raised in the post-conviction appeal, have been presented to the courts of the Commonwealth for their consideration in the first instance and are properly before this Court for consideration.

The factual background to this conviction reflects that:

---

[10] See: Response at p.10.

[E]arly in the morning of June 15, 1997, Appellant and co-defendant Darnell Johnson came upon a group of men playing craps on a city sidewalk. Mr. Johnson pistol-whipped one of the players, Cheyenne Allen [the victim's brother], and Appellant demanded money from another player, Cheyenne's brother, Charles Allen [the victim]. After Charles gave his money to Appellant, Mr. Johnson nevertheless shot Charles because he believed Charles was "holding out," i.e. not giving Appellant all of his money. As Cheyenne ran for help, Mr. Johnson pointed the handgun at him and pulled the trigger, but the gun misfired. Charles subsequently died of his injuries.[11]

The first issues raised by the petitioner is that the weight and sufficiency of the evidence was not adequate to sustain his convictions.  The petitioner was convicted of robbery and third degree murder. The relevant Pennsylvania statutes provide:

Robbery. A person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another;
(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;
(iii) commits or threatens immediately to commit any felony of the first or second degree;
(iv)inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury; or
(v) physically takes or removes property from the person of another by force however slight.

Convictions of subpart (i) (ii) or (iii) are graded as first degree felonies, while a conviction of subpart (iv) is a felony of the second degree and a conviction under subpart (v) is a third degree felony. 18 Pa.C.S.A. 3701. Having been convicted of robbery committed on Charles Allen during the course of the commission of a felony, the statutory sentence range was not more than twenty years. 18 Pa.C.S.A. 1103(1).

The second information upon which the petitioner was convicted was third degree murder. Pennsylvania describes third degree murder as "all other kinds of murder" excluding first

---

[11] See: Exhibit 12 to the Response at p.2.

degree murder which is an intentional killing and second degree murder which is murder

committed during the course of perpetrating a felony. Third degree murder is classified as a

felony of the first degree. 18 Pa.C.S.A. 2502(c). As such a sentence of not more than forty years

may be imposed. 18 Pa.C.S.A. 1102(d). Thus, the petitioner's twenty-eight to fifty-six year

sentence in within the statutory limits.

The petitioner was also acquitted of robbery (Cheyenne Allen), aggravated assault

(Cheyenne Allen), recklessly endangering another person, violation of the uniform firearms act,

criminal conspiracy and first and second degree murder.

In his petitioner here, Brown contends that the essence of the testimony of Cheyenne

Allen was that although present at the crime scene, petitioner did not fire the handgun. Brown

further argues that as a result of this testimony and his acquittal of conspiracy charge, his

homicide conviction reflected an inconsistent verdict. It is true as the Commonwealth alleges that

this was not the context in which this issue was raised in the Pennsylvania appellate courts and

for this reason, the issue is barred here. Holloway v. Horn, 355 F.3d 707 (3d Cir.2004). While we

agree with this analysis, since the issues of sufficiency and weight of the evidence are so

intertwined we will proceed with these issue.

In reviewing these arguments, the Superior Court concluded:

[T]he record belies Appellant's arguments challenging the weight and sufficiency
of the evidence. When the police arrived at the scene of the shooting, they
observed that Charles Allen had been shot, and his brother Cheyenne was
bleeding from an injury he sustained to the right side of his head. Charles
subsequently died. At trial, Cheyenne testified as to the facts set forth above;
succinctly, Appellant and his co-defendant walked up to their victims, demanded
money, pistol-whipped Cheyenne and shot to death Charles. An attempt to shoot
Cheyenne was thwarted by a faulty handgun. A jury heard the testimony of victim
Cheyenne and found it credible... the fact that Appellant did not fire the fatal

bullet is immaterial...[12]

At trial, the petitioner elected not to testify (TT.461-464). Thus, the facts, as determined by the state court, comport with the testimony of Cheyenne Allen. Such findings are entitled to a presumption of correctness, 28 U.S.C. 2254(e)(1) and provide adequate support for the petitioner's conviction where the test is whether sufficient evidence was presented to prove guilty beyond a reasonable doubt. Orban v. Vaughn, 123 F.3d 727 (3d Cir.1997), cert. denied 522 U.S. 1059 (1998). Based on the facts as recited by the Superior Court, it would appear that the evidence was more than sufficient for a reasonable juror to find the petitioner guilty, beyond a reasonable doubt, and these issues do not provide a basis for relief.

The petitioner also contends that he is entitled to relief on the grounds that the trial court failed to instruct the jury pursuant to the teachings of Com. v. Kloiber, supra.. Specifically, the petitioner argues that the holding of Kloiber is that where there is a lack of positiveness of an eyewitness' identity testimony, the court should instruct the jury to view such testimony with caution. However, such an instruction is not mandated where the eyewitness identification is positive. Kloiber, supra.  As applied to the present case, at trial the identification testimony of the other victim, Cheyenne Allen who had known the petitioner for seventeen years, had cut his hair and played craps with him (TT.95-131; 184-213) was unequivocal.[13] Thus, there was no need for

---

[12] See: Exhibit 4 to the Response at p.5.

[13] We note that this positive identification occurred at trial, and as the record demonstrates there were earlier times when the testimony was somewhat less strong.(TT.205-213). However, all this evidence was presented to the jury

a Kloiber instruction.[14]

Additionally, in reviewing a challenge to jury instructions, a habeas corpus must view those instructions as a whole Estelle v. McGuire, 502 U.S. 62 (1991). In doing so, we conclude that the trial court delivered a fair, balanced charge including concise instructions on determining credibility of the evidence (TT.592-594). Thus, this argument does not provide a basis for relief.

Finally, the petitioner challenges the severity of the imposed sentence. As noted above, the sentence imposed was within the statutory framework, and as such does not provide a basis for review here   Burken v.Filion, 421 F.Supp.2d 581 (W.D.N.Y. 2006).

Thus, because the petitioner has not demonstrated that the court's of Pennsylvania decided his prosecution in any manner contrary to the decisions of the United States Supreme Court, there is no basis for relief here. Accordingly, it is recommended that the petition of Julian C. Brown for a writ of habeas corpus be dismissed and that a certificate of appealability be denied.

Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell,

Entered: June 6, 2007                                    United States Magistrate Judge

---

[14] As a matter of state law, this issue is not properly before this Court. Johnson v. Rosemeyer, 117 F.3d 104 (3d Cir.1997).